IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 17-00012-003 |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | **CONCERNING VIOLATIONS OF** |
| | ) | **SUPERVISED RELEASE CONDITIONS** |
| RUBY J. NGIRMEKUR, | ) | **IN A FELONY CASE** |
| | ) | |
| Defendant. | ) | |

Pending before the court is a Petition for Revocation of Supervised Release and supporting declaration and worksheet (collectively, the "Violation Petition") filed on February 29, 2024, alleging the Defendant violated her supervised release conditions as follows:

1. Tested positive for alcohol on October 15, 2023;

2. Failed to complete the 40 hours of community service imposed; and

3. Failed to comply with the instructions of the probation officer.

On April 23, 2024, the Defendant admitted to all of the above violations. *See* Mins., ECF No. 401. On May 21, 2024, the parties presented their respective positions on what consequence the Defendant should face for the violations. *See* Mins., ECF No. 405. Having heard argument from the parties and considered the record herein, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

**BACKGROUND**

**A.    Conviction and Sentence**

On May 30, 2018, the Defendant was sentenced to 33 months' imprisonment, followed by three years of supervised release for the offense of Conspiracy to Commit Bank Fraud, a Class B felony. *See* Judgment, ECF No. 145. The Defendant was also ordered to pay $13,090.00 in

restitution, joint and several with the co-conspirators. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of controlled substances, refrain from the use of all alcoholic beverages, submit to drug and alcohol testing, and participate in a substance abuse treatment program, which may include drug testing. *Id.* at 4-5.

Defendant served her sentence and commenced her original term of supervised release on July 16, 2019.

**B.     Post-Conviction Conduct**

On May 20, 2021, the court revoked the Defendant's supervised release term after she failed to report for numerous drug tests, admitted to the use of "meth," failed to participate in a substance abuse counseling program and was discharged from a residential treatment program, failed to submit monthly supervision reports, and failed to timely notify the probation officer of a change in residence. *See* Revocation J. at 1-2, ECF No. 265. The Defendant was sentenced to time served (approximately 119 days) and 56 months of supervised release. *Id.* at 3-4.

On September 7, 2021, an Informational Report was filed, noting that the Defendant failed to report for drug testing on July 18, 2021, and admitted to the use of "ice" on July 18, 2021, because she was experiencing a great deal of personal stress following the death of a loved one. *See* ECF No. 281. At the request of the probation officer, the court took no action against the Defendant. *See* Order, ECF No. 282.

On August 24, 2022, the Chief Judge revoked the Defendant's supervised release term for a second time and sentenced her to time served (about two months and six days) and 36 months of supervised release. *See* Second Revocation J., ECF No. 327. The revocation followed the Defendant's failure to report for two drug tests, testing positive for methamphetamine on two sweat patches, and failing to report for sweat patch collection. *Id.* and R. & R., ECF No. 313.

On August 22, 2023, the court modified the Defendant's supervised release conditions to include a requirement that she complete 40 hours of community service as directed by the probation officer. *See* Order, ECF No. 359. The modification was a result of two unannounced visits to the Defendant's residence, and the Defendant submitted to Breathalyzer tests with 0.076% BAC and 0.06% BAC readings. Each time the Defendant admitted that she had consumed alcohol.

# CURRENT VIOLATIONS

**A.  Filing of Violation Petition**

On February 29, 2024, the probation officer filed the instant petition along with a supporting declaration and a violation worksheet (collectively, the "Violation Petition"). *See* ECF No. 390. Therein, the probation officer alleged that the Defendant violated her supervised release as follows:

<u>Consumed Alcohol</u>

On October 15, 2023, the Defendant submitted to a drug test at the Lighthouse Recover Center ("LRC". The sample was sent to the lab for alcohol testing. Results received on October 24, 2023, revealed a positive for ethanol but negative for all other substances.

On December 27, 2023, the Defendant reported to the probation office and was questioned about the positive result for ethanol on the October 15th test. The Defendant admitted she drank alcohol with her cousins and asked fro a chance to prove she could stop.

<u>Failed to Perform Community Service</u> and <u>Failed to Follow Probation Officer's Instructions</u>

On December 28, 2023, the Defendant was referred to the Dededo Mayor's Office to complete her 40 hours of community service. The Defendant never reported to the Dededo Mayor's Office despite the instructions of her probation officer as relayed on December 27, 2023, and February 14, 2024.

At the request of the Probation Officer, on March 7, 2024, the court ordered that a summons issue for the Defendant to appear and answer to the violations. *See* Order, ECF No. 392.

**B.  Initial Appearance**

On March 19, 2024, the Defendant appeared as summoned. *See* Mins., ECF No. 395. The court appointed the Federal Public Defender to represent the Defendant. *Id.* and Appointment Order, ECF No. 397. Ms. Lujan requested a one month continuance and stated that the Defendant acknowledges that she has outstanding obligations with the court, and the Defendant plans to accomplish as many of those obligations as possible. The probation officer reported that the Defendant submits to six random drug tests per month and has not tested positive for illegal drugs, although she has three positive tests for alcohol. Without objection, the matter was continued to April 23, 2024, and the court permitted the Defendant to remain released.

**C.   Admissions and Further Court Hearing**

On April 23, 2024, the parties appeared before the court, and the Defendant entered admissions to the pending allegations. *See* Mins., ECF No. 401. Defense counsel stated that since the last hearing, the Defendant completed all 40 hours of community service required of her by volunteering at the senior citizens' center in Astumbo. She really enjoyed the experience and is inquiring into possible employment at the center. Ms. Lujan requested a one-month continuance to present arguments on disposition. Without objection, the matter was continued to May 21, 2024.

On May 21, 2024, the parties again appeared before the court, and counsel and the probation officer presented their respective arguments as to an appropriate sanction for the violations. Having reviewed the record herein and considered the parties' recommendations, the court now issues this Report and Recommendation for the Chief Judge's consideration.

**LEGAL STANDARD**

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). A court also has broad authority to modify conditions of supervised release but only "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e)(2). *See also United States v. Goss*, 307 F.3d 1043 (9th Cir. 2002).

**PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED**

The Amended Violation Worksheet notes that the violations are Grade C violations, which carry the potential for 7-13 months of imprisonment under the sentencing guidelines, based on the Defendant's criminal history category of V, followed by 43-49 months of supervised release. *See* Am. Violation Worksheet at ¶¶7-10 and 13, ECF No. 301-1.

This is the Defendant's third revocation proceeding. Her underlying offense of conviction is a Class B felony, so the maximum sentence the Defendant can serve for a revocation is not more

than three years pursuant to 18 U.S.C. § 3583(e)(3). She served about 119 days for her first revocation proceeding and another two months and six days for her second revocation proceeding.

The probation officer recommended that the Defendant's supervised release term be revoked and that she be sentenced to time served, followed by 24 months of supervised release. The probation officer noted that although the Chief Judge had modified the Defendant's supervised release conditions back in August 2023 to require that the Defendant perform 40 hours of community service as a sanction for two positive tests for alcohol use, the Defendant had not performed any of community service six months after its imposition, which then led to the filing of the Violation Petition in February 2024. Since the filing of the Violation Petition, the Defendant completed the 40 hours of community service and has not tested positive for drugs or alcohol.

Counsel for the government joined in the probation officer's recommendations and was pleased with the Defendant's progress. The government believed that the recommended sentence was fair and reasonable.

Defense counsel urged the court not to revoke the Defendant's supervised release term and instead pleaded for a modification of the Defendant's supervised release conditions. Ms. Lujan asserted that since the October 2023 positive test for alcohol, the Defendant had not missed any drug or alcohol test and consistently tested negative on all tests. Ms. Lujan argued that this was not an easy feat particularly because everyone in the Defendant's family drinks alcohol. Nevertheless, the Defendant demonstrated that she can stop as required by her supervised release conditions. Defense counsel noted that the violations in the petition are not the type of violations this court typically sees, and said violations are the lowest grade of violations. She further asserted that the Defendant has no new arrests or convictions and no diluted samples for testing. Ms. Lujan stated that the Defendant and her family were living in challenging circumstances, with no water, electricity or means of transportation. Despite these challenges, the Defendant proved that she can be successful if given the opportunity.

The Defendant addressed the court, apologized for the "set back" and assured the court that she would stay on the "right track" from this point forward.

After considering the relevant factors, the court concurs with defense counsel that a

modification of the Defendant's supervised release conditions is fair and reasonable sanction for the violations and achieves the goals of punishment and deterrence. As noted by defense counsel, the current violations are less serious that the typical violations that come before the court and the Defendant's past violations that resulted in the revocation of her supervised release term. The Defendant has demonstrated over the last seven months that she can abstain from alcohol use, and she completed the 40 hours of community service despite the daily challenges she faces. She has returned to compliance, and it would be unreasonable to revoke her supervised release term and impose a longer term of supervised release. Based on the nature and circumstances of the instant violations and the Defendant's history and characteristics, the court agrees that a sanction of one day of detention is appropriate, and will further recommend that she write a two-page paper on the effects alcohol use has had on her and her family, and be required to present the paper at an Alcoholics Anonymous ("AA") meeting.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to the violations and (2) modify the Defendant's supervised release conditions to require that she serve one day of detention (with credit for time served), write a two-page paper that discusses the effects alcohol use has had on her and her family, and present said paper at an AA meeting.

A disposition hearing shall be held on June 20, 2024, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



**/s/ Michael J. Bordallo**
   **U.S. Magistrate Judge**
**Dated: May 23, 2024**

### NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**